IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                      No. CR 10-2742 JB

JAY EUGENE PARKER,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed May 20, 2011 (Doc. 33). The Court held a sentencing hearing on July 29, 2011. The primary issue is whether Defendant Jay Eugene Parker should receive a downward variance from his guideline sentence. The Court will downwardly vary on Parker's sentence to a sentence of 33-months imprisonment.

## PROCEDURAL BACKGROUND

Parker, pursuant to a Plea Agreement, filed February 24, 2011 (Doc. 26), pled guilty to the Information, filed February 24, 2011 (Doc. 24), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being possession with intent to distribute less than 500 grams of a mixture of a substance containing a detectable amount of cocaine. The Plea Agreement stipulates to a 2-level reduction to Parker's base offense level under U.S.S.G. § 3B1.2 based on Parker's role as a minor participant in the criminal activity at issue. See Plea Agreement ¶ 9, at 4. The Plea Agreement stipulates to a 3-level reduction to Parker's base offense level under U.S.S.G. § 3E1.1 based on Parker's acceptance of responsibility. See Plea Agreement ¶ 9, at 4. The parties reserved

the right to "assert any position or argument with respect to the sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement.  Plea Agreement ¶ 9, at 5.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Parker on April 28, 2011.  In the PSR, the USPO calculated Parker's total offense level to be 19.  The PSR calculated a base offense level of 24 under U.S.S.G. § 2D1.1(c).  See PSR ¶ 16, at 6.  The PSR noted: "At the time of his arrest, [Parker] declined to speak to DEA agents regarding his involvement in the distribution of the cocaine.  Therefore, his role in the drug scheme is unknown."  PSR ¶ 19, at 6.  The PSR, nevertheless, applied a 2-level downward adjustment under U.S.S.G. § 3B1.2 based on Parker's role as a minor participant, because the parties had stipulated to this role adjustment.  See PSR ¶ 19, at 6.  The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Parker's acceptance of responsibility.  See PSR ¶ 22, at 6.  The PSR lists his criminal history category as III, based on 5 criminal history points.  See PSR ¶ 36, at 11.  The PSR calculated that an offense level of 19 and a criminal history category of III results in a guideline imprisonment range of 37 to 46 months.  See PSR ¶ 64, at 16.  There being no disputes about the PSR's factual findings, the Court adopts them as its own.

On May 20, 2011, Parker filed his Sentencing Memorandum.  See Doc. 33.  Parker emphasizes that a Court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).  See Sentencing Memorandum at 2-3.  He specifically requests a sentence of 27 months.  See Sentencing Memorandum at 5.  Parker recounts that he was a supply specialist in the United States Army and served from 1982 to 1988.  See Sentencing Memorandum at 3.  He states that he received an honorable discharge in 1988, at which time he was a supply sergeant.  See Sentencing Memorandum at 3.  Parker recounts several decorations he received, including "a Meritorious Service Award, four (4) achievement awards,

which included three (3) Oak Leaf Clusters, and a Driver's Medal for showing superior dedication for supply deliveries under adverse conditions." Sentencing Memorandum at 3. Parker argues that his military service demonstrates that he "has always tried to better his life." Sentencing Memorandum at 3. Parker asserts that, while he has been in custody, he "has devoted himself to trying to stay busy and be a better person." Sentencing Memorandum at 4. He attached "a letter of his completion of his certification from the American Bible Academy" to indicate "that he has engaged in religious studies while in jail." Sentencing Memorandum at 4 (citing Certificate (dated December 21, 2010), filed May 20, 2011 (Doc. 33-1)). Parker believes that his religious studies while in custody have turned his life around. See Sentencing Memorandum at 4. Parker also emphasizes that he has strong family support. See Sentencing Memorandum at 4. He attached several letters from his family members, including his twenty-two year old fiancée. See Sentencing Memorandum at 4. He notes that his fiancée has some serious health issues "from being a diabetic, including renal failure, high blood pressure, and other heart problems." Sentencing Memorandum at 4. He asserts that she "is in desperate need" of his assistance to take care of her daily needs. Sentencing Memorandum at 4. He contends that these letters reflect that he has strong family support. See Sentencing Memorandum at 5.

On May 26, 2011, Plaintiff United States of America filed its United States' Response to Defendant's Sentencing Memorandum Filed May 20, 2011 (Doc. 33). See Doc. 34 ("Response"). The United States opposes any variance from the guideline imprisonment range. See Response at 2. The United States notes that Parker has several prior arrests for domestic violence, and a history of narcotics and alcohol abuse. See Response at 2. The United States points out that Parker has seven prior felony convictions. See Response at 2-3. The United States asserts that four pending charges remain against him in Pennsylvania. See Response at 3. The United States contends that

Parker has not provided any records to substantiate his claims of military service.  <u>See</u> Response at 3.

At the sentencing hearing on July 29, 2011, Parker noted that he has not been arrested for domestic violence as many times as the United States contends.  <u>See</u> Transcript of Hearing at 6:17-23 (taken July 29, 2011)(Davis)("Tr.").[1]  Parker also stated that he has received only three felony convictions and that three of the charges which the United States labeled as felonies are misdemeanors.  <u>See</u> Tr. at 7:6-20 (Davis).

<u>ANALYSIS</u>

The Court believes that a downward variance to a sentence of 33-months imprisonment is appropriate.  The Court has carefully considered the parties' arguments and the circumstances of this case.  The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant.  The Court believes that the punishment that the guidelines set forth -- 37 to 46 months -- is not appropriate for Parker's offense.  The Court concludes that a sentence of 33 months is sufficient to reflect the seriousness of this offense.  The Court does not usually rely heavily on post-arrest rehabilitation efforts.  The Court has, however, received many letters in support of Parker before the sentencing hearing.  Parker has a longstanding relationship with his fiancée and has a child.  He has a supportive family structure.  Parker also has an impressive military background.  Parker has sought to educate himself further during his incarceration.  The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a variance equivalent to 1-level approximating an offense level of 18 is appropriate under these circumstances.  Specifically, the

---

[1]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Court believes that Parker's post-arrest rehabilitation efforts, his military background, and his support structure justify some variance, because they suggest that his risk of recidivism is reduced, the risk he poses to the public may be reduced, and a lower sentence would be a more just sentence. In other words, a lower sentence may be sufficient without being greater than necessary to reflect the factors in 18 U.S.C. § 3553(a). Parker's circumstances, however, are not compelling enough to support a further variance. Many defendants have a supportive family. Although Parker has a distinguished military record, his significant criminal history leads the Court to believe that a further variance would be inappropriate. A criminal offense level of 18 and a criminal history category of III produces a guideline sentence of 33 to 41 months. This sentencing range adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable and more reasonable than a guideline sentence. Perhaps most important, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98–473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Parker to 33-months imprisonment.

**IT IS ORDERED** that Defendant Jay Eugene Parker's request for a downward variance in his Sentencing Memorandum, filed May 20, 2011 (Doc. 33), is granted in part and denied in part.

The Court will deny Parker's request for a variance to 27-months imprisonment.  The Court will, however, downwardly vary on Parker's sentence to a sentence of 33-months imprisonment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Mary Catherine McCulloch
Shammara Henderson
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Michael V. Davis
Corrales, New Mexico

   *Attorney for the Defendant*