# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Jay Eugene Parker** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR2742-001JB**<br>USM Number: **58283-051**<br>Defense Attorney: **Michael Davis, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(C) | Possession with Intent to Distribute Less than 500 Grams of a Mixture and Substance Containing a Detectable Amount of Cocaine | 09/03/2010 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**July 29, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**November 23, 2011**
Date Signed

Defendant: **Jay Eugene Parker**
Case Number: **1:10CR2742-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **33 months**.

**The Court incorporates by reference its Memorandum Opinion and Order, filed November 23, 2011 (Doc. 44). Defendant Jay Eugene Parker, pursuant to a Plea Agreement, filed February 24, 2011 (Doc. 26), pled guilty to the Information, filed February 24, 2011 (Doc. 24), charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), that being possession with intent to distribute less than 500 grams of a mixture of a substance containing a detectable amount of cocaine. The Plea Agreement stipulates to a 2-level reduction to Parker`s base offense level under U.S.S.G. § 3B1.2 based on Parker`s role as a minor participant in the criminal activity at issue. See Plea Agreement ¶ 9, at 4. The Plea Agreement stipulates to a 3-level reduction to Parker`s base offense level under U.S.S.G. § 3E1.1 based on Parker`s acceptance of responsibility. See Plea Agreement ¶ 9, at 4. The parties reserved the right to "assert any position or argument with respect to the sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement. Plea Agreement ¶ 9, at 5.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Parker on April 28, 2011. In the PSR, the USPO calculated Parker`s total offense level to be 19. The PSR calculated a base offense level of 24 under U.S.S.G. § 2D1.1(c). See PSR ¶ 16, at 6. The PSR noted: "At the time of his arrest, [Parker] declined to speak to DEA agents regarding his involvement in the distribution of the cocaine. Therefore, his role in the drug scheme is unknown." PSR ¶ 19, at 6. The PSR, nevertheless, applied a 2-level downward adjustment under U.S.S.G. § 3B1.2 based on Parker`s role as a minor participant, because the parties had stipulated to this role adjustment. See PSR ¶ 19, at 6. The PSR included a 3-level reduction under U.S.S.G. § 3E1.1 based on Parker`s acceptance of responsibility. See PSR ¶ 22, at 6. The PSR lists his criminal history category as III, based on 5 criminal history points. See PSR ¶ 36, at 11. The PSR calculated that an offense level of 19 and a criminal history category of III results in a guideline imprisonment range of 37 to 46 months. See PSR ¶ 64, at 16. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.**

**Parker moves the Court for a 27-month sentence. Plaintiff United States of America opposes any variance from the guideline range. At the sentencing hearing on July 29, 2011, the Court inquired what factual basis the parties had for stipulating to a minor role adjustment under U.S.S.G. § 3B1.2. Parker represented that another person asked him to carry a quantity of cocaine and that he did so to receive minor remuneration. The United States said it had no reason to doubt that Parker`s role was limited to the facts Parker set forth at the hearing. The Court then accepted the stipulation and reduced Parker`s offense level 2-levels under U.S.S.G. § 3B1.2. The parties also agreed to the Court reducing Parker`s offense level 3-levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. A criminal offense level of 19 and a criminal history category of III produces a guideline sentence of 37 to 46 months.**

**The Court notes that Parker possessed with intent to distribute a substance containing cocaine that weighed a total of 549 grams. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Parker`s offense. The Court concludes that a sentence of 33 months is sufficient to reflect the seriousness of this offense. The Court does not usually rely heavily on post-arrest rehabilitation efforts. The Court has, however, received many letters in support of Parker before the sentencing hearing. Parker has a longstanding relationship with his fiancée and has a child. He has a supportive family structure. Parker also has an impressive military background. Parker has sought to educate himself further during his incarceration. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 33 months is appropriate to reflect the seriousness of Parker`s crime. The Court believes that a variance equivalent to 1-level approximating an offense level of 18 is appropriate under these circumstances. Specifically, the Court believes that Parker`s post-arrest rehabilitation efforts, his military background, and his support structure justify some variance, because they suggest that his risk of recidivism is reduced, the risk he poses to the public may be reduced, and a lower sentence would be a more just sentence. In other words, a lower sentence may be sufficient without being greater than necessary to reflect the factors in 18 U.S.C. § 3553(a). Parker`s circumstances, however, are not compelling enough to support a further variance. Many defendants have a supportive family. Although Parker has a distinguished military record, his significant criminal history leads the Court to believe that a further variance would be inappropriate. A criminal offense level of 18 and a criminal history category of III produces a guideline sentence of 33 to 41 months. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and otherwise fully reflects each of the**

factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. Perhaps most important, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Parker to 33-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends Federal Correctional Institution Morgantown, Morgantown, WV, if eligible.**
**The Court recommends the defendant participate in the Bureau of Prisons 500 hour drug and alcohol treatment program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
　☐ at  on
　☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
　☐ before 2 p.m. on
　☐ as notified by the United States Marshal
　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Jay Eugene Parker**
Case Number: **1:10CR2742-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Jay Eugene Parker**
Case Number: **1:10CR2742-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal substances at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply to employers: as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant`s criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant`s compliance with such notification requirements.**

**The Defendant must participate in and successfully complete an substance abuse treatment program, which may include drug testing and outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

Defendant: **Jay Eugene Parker**
Case Number: **1:10CR2742-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A     ☐   In full immediately; or
B     ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.